IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES GARRETT,

        Plaintiff,        Case No.

v.

                                    JURY DEMAND

CSX TRANSPORTATION, INC.

        Defendant.
_____/

## COMPLAINT

Plaintiff, James Garrett, worked for Defendant, CSX Transportation, for over ten years when he was placed out of service without pay because of his disability and requests for intermittent FMLA.[1] After requesting intermittent FMLA in March 2016, Mr. Garrett was removed from his regular job duties as an Engineer because CSX drew the discriminatory conclusion that he was unable to perform his job due to his disability, a heart condition. Mr. Garrett had been diagnosed with a heart condition in 2014 and had successfully performed his job since that time without incident. After CSX removed him from his job, they have refused to place Mr. Garrett in another position or return him to his position as an Engineer. CSX has also refused to terminate his employment denying him access to unemployment benefits, but they have repeatedly encouraged him to find another job (which he has attempted to do). As a result, Mr. Garrett has been without pay while CSX continues to discriminate against him. Accordingly, Mr. Garrett files the instant Complaint for violations of the TDA and FMLA.

## PARTIES

---

[1] Plaintiff currently has a charge pending with the EEOC concerning violations of ADA as well. He intends to amend this complaint after those charges have been administratively exhausted.

1. Plaintiff is a citizen and resident of Montgomery County, Tennessee, and an employee of Defendant. Plaintiff worked for Defendant from its Nashville terminal.

2. Defendant CSX Transportation, Inc. ("CSX") is a foreign corporation licensed to transact business in Tennessee. Its registered agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929. At all material times, Defendant has been an employer as defined by the FMLA and under state law.

3. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2011 and/or 2012 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

4. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

## JURISDICTION AND VENUE

5. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); and the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Count II).

6. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

## FACTS

7. Plaintiff, Robert Garrett, worked for Defendant, CSX, for over ten years as a Conductor, then from 2011 to present as an Engineer.

8. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(h)(1).

9. Plaintiff was qualified for his job with Defendant and performed his job duties in

a competent and satisfactory manner.

10. On March 9, 2016, Mr. Garrett was involuntarily placed out of service after he filed for intermittent FMLA to attend physician's appointments related to a cardiac defibrillator he had implanted in 2014.

11. Mr. Garrett made annual requests for intermittent FMLA related to follow up appointments with his cardiologist since 2014. However, for the first time in 2016, he was placed out of service due to discriminatory perceptions concerning his disability.

12. Despite being able to perform his job duties and meeting all requirements of his job, Mr. Garrett has not been allowed to return to work merely because he has this device implant.

13. Mr. Garrett has made multiple requests to return to work both on his own behalf and by the union that represents him. CSX has refused to allow him to return to his job which has caused him a significant loss of pay.

14. Mr. Garrett's cardiologist has also advised he is fit for duty.

15. CSX has refused to give a valid reason for its refusal to return him to service and it has failed to comply with bargaining agreements that require it to provide Mr. Garrett information about his removal from service.

### Count I
### Violation of FMLA

16. Plaintiff restates and incorporates herein the foregoing paragraphs.

17. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

18. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

19. Plaintiff was entitled to receive FMLA leave to care for his serious health condition.

20. Defendant subjected Plaintiff to disparate terms and conditions of employment after he requested FMLA, including but not limited to, interfering with his rights to take FMLA; retaliating against him for exercising his rights under the FMLA; and being placed out of service without pay.

21. Plaintiff was entitled to receive FMLA on an intermittent basis.

22. Defendant's actions constitute both interference and/or retaliation violations of the FMLA.

23. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

24. Defendant's conduct harmed and caused damage to Plaintiff.

25. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### Count II
### Violation of TDA- Disability Discrimination/Retaliation

26. Plaintiff restates and incorporates herein the foregoing paragraphs.

27. Plaintiff was a qualified individual with a disability.

28. Plaintiff was discriminated against due to his disability.

29. Defendant discriminated and retaliated against Plaintiff on the basis of his disability in violation of the TDA.

30. Plaintiff could perform the essential functions of his job.

31. Plaintiff was placed out work without pay because of his disability and/or because of complaints concerning the way he was being treated.

4

32. Plaintiff reported and/or protested incidents of discrimination by supervisors to Defendant's management, the reports have been ignored or rebuffed.

33. Plaintiff's placement out of work without pay is motivated by his disability.

34. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

35. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Liquidated damages under the FMLA;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099

5

Anne Hunter Williams BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff*

6

Case 3:17-cv-00497   Document 1   Filed 03/08/17   Page 6 of 6 PageID #: 6